Amy M. Samberg, NV Bar No. 10212
asamberg@fgppr.com
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
400 East Van Buren Street, Suite 550
Phoenix, AZ 85004
Telephone:  602-777-6230
Facsimile:   312-863-5099

Lee H. Gorlin, NV Bar No. 13879
lgorlin@fgppr.com
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052
Telephone:  702-827-1510
Facsimile:   312-863-5099

*Attorneys for The Travelers Home and Marine Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MAXWELL B. WILLIAMS and CLAIRE N. WILLIAMS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY; DOES I-X; AND ROE CORPORATIONS I-X,<br><br>Defendants. | CASE NO.   2:20-cv-01669-JAD-BNW<br><br>**[PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Plaintiffs Maxwell B. Williams and Claire N. Williams (collectively "Plaintiffs") and Defendant The Travelers Home and Marine Insurance Company ("THMIC") by and through their respective counsel, hereby stipulate and agree to the following [proposed] discovery plan and scheduling order in this matter pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

**A.     INTRODUCTION**

This is a dispute between two insureds and their home insurance provider regarding the amount of benefits available for lost contents following an alleged burglary at the subject location. THMIC has filed a Motion to Dismiss and the briefing has concluded.

**B.     DATE THAT EARLY CASE CONFERENCE WAS HELD AND WHO ATTENDED**

Pursuant to Fed. R. Civ. P. 26(f) Conference:  On November 2, 2020, the Parties held a conference call to discuss the matters required by Fed. R. Civ. P. 26(f) and LR 26-1.  Thomas Friedman of the law firm Brown, Bonn, & Friedman, LLC appeared for Plaintiffs.  Lee H. Gorlin of the law firm Foran Glennon Palandech Ponzi & Rudloff PC appeared for THMIC.

**C.     SUBJECTS UPON WHICH DISCOVERY IS NEEDED**

Discovery is required concerning the issues relating to the claims alleged in Plaintiffs' Complaint (ECF No. 1-1).

**D.     ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

The parties have discussed ESI requests and have agreed to preserve and maintain all electronically stored documents.  The parties will coordinate with each other regarding applicable ESI protocols.

**E.     ISSUES ABOUT CLAIMS OF PRIVILEGE OR PRODUCTION OF PROTECTED INFORMATION**

The parties acknowledge that there may be attorney-client privilege (or other privilege) issues that arise in this action.  The parties agree to meet and confer regarding specific privilege issues that may arise in this matter before seeking the Court's intervention.

**F.     STATEMENT OF REASONS WHY LONGER TIME PERIODS SHOULD APPLY TO THIS CASE**

The parties do not believe that a longer time period is necessary at this time.  The parties reserve the right to stipulate or to ask the Court for additional time for good cause pursuant to the federal and local rules.

**G.     ALTERNATIVE DISPUTE RESOLUTION**

The parties have discussed alternative dispute resolution and agree to continue to discuss and explore the possibilities of further alternative dispute resolution as this case proceeds. At this time, the parties prefer to continue with this action.

**H.     ALTERNATIVE FORMS OF CASE DISPOSITION**

The parties have considered alternative forms of case disposition and decline to consent to those such forms.

**I.     ELECTRONIC EVIDENCE**

The parties certify that electronic evidence was discussed and that presently there is no intent to present electronic evidence to a jury. The parties reserve their rights to modify their position as the case is developed.

**J.     THE PARTIES' PROPOSED DISCOVERY PLAN**

The parties propose the following timeline:

1.     **Initial Disclosures:**  The parties will make their initial Federal Rule of Civil Procedure 26 disclosures by **Monday, November 16, 2020**, which is fourteen (14) days from the date of the Fed. R. Civ. Pro., Rule 26(f) conference.

2.     **Discovery Cut-Off Date:**  The discovery cut-off will be **Tuesday, March 16, 2021**. This date is 180 days from the date the first defendant appeared in this matter.

3.     **Amending Pleadings and Adding Parties:**  All motions to amend the pleadings or to add parties shall be filed not later than **Wednesday, December 16, 2020**, which is ninety (90) days before the discovery cut-off date.

4.     **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts:**  Disclosures concerning experts shall be made by **Friday, January 15, 2021**, which is sixty (60) days before the discovery cut-off deadline. Disclosure of rebuttal experts shall be made by **Monday, February 15, 2021,** which is the first judicial day following thirty (30) days after the expert disclosures (which falls on a Sunday).

5.     **Dispositive Motions:**  The date for filing dispositive motions shall not be later than **Thursday, April 15, 2021,** which is thirty (30) days after the discovery cut-off date.

1 **6. Motions in Limine:** Motions in Limine should be filed thirty (30) days prior to trial, unless otherwise ordered by the Court.

**7. Pretrial Order:** The date for filing the joint pretrial order shall not be later than thirty days after the date set for filing dispositive motions on or before **Monday, May 17, 2021**, which is the first business day following the expiration of 30 days after the deadline for filing of dispositive motions  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or until further order of the Court.  The parties shall include the disclosures required pursuant to Fed. R. Civ. P. 26(a)(3), and any objection thereto, with the pretrial order.

**8. Extension of Scheduled Deadline:** All motions or stipulations to extend discovery shall be received by the court within twenty-one (21) days before the discovery cut-off on or before **Tuesday, February 23, 2021**.

**K.   LATER APPEARING PARTIES**:

A copy of this Discovery Plan and Scheduling Order shall be served upon any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance.  This Discovery Plan and Scheduling Order shall apply to such later appearing parties, unless a stipulation of the parties is approved by the Court, or the Court, on motion for good cause shown, otherwise ordered.

**L.   ADDITIONAL INFORMATION:**

**Additional Provisions Regarding Inadvertent Disclosure / Claw Back**

In addition to the protection provided in Rule 26(b)(5)(B) regarding inadvertent production of information subject to a claim of privilege or of protection as trial-preparation material, the parties agree that disclosure of any document produced in this action could have been withheld, in whole or in part, based on legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege (an "Inadvertently Produced Document") shall not result in the waiver of any privilege or protection associated with such document, nor result in a waiver of any kind.

Within fourteen (14) days of a demand for the return of any Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log setting forth

1 the basis for the claim of privilege in relation to the Inadvertently Produced Document. In the event that some portion of the Inadvertently Produced Document does not contain privileged information, the producing party will also provide a redacted copy of the Inadvertently Produce Document that omits the information subject to the claim of privilege.

If the receiving party disagrees with the producing party's designation of an Inadvertently Produced Document as privileged, it may object to such a designation by providing written notice within fourteen (14) days of receipt of a written demand for return of the subject Inadvertently Produced Document. Should the parties fail to reach agreement following a meaningful attempt to resolve the dispute, any such objection shall be resolved by the Court after an *in-camera* review of the Inadvertently Produced Document. No party may use any disputed document in the litigation while resolution of such a dispute is pending.

**M.   COURT CONFERENCE:**

The Parties do not request a conference with the Court before the entry of this Scheduling Order.

DATED this 3rd day of November 2020

BROWN, BONN & FRIEDMAN, LLC

By: /s/ *Thomas Friedman, Esq*
Thomas Friedman (NV Bar No. 7708)
5528 South Fort Apache Road
Las Vegas, Nevada 89148

*Attorneys for Maxwell B. Williams and Claire N. Williams*

DATED this 3rd day of November 2020

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

By: /s/ *Lee H. Gorlin, Esq*
Lee H. Gorlin (NV Bar No. 13879)
2200 Paseo Verde Parkway, Suite 380
Henderson, Nevada 89052

*Attorneys for Travelers Home and Marine Insurance Company*

**ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge
11/4/2020
_____
Dated

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I hereby certify that a copy of the foregoing **[PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER** was served by submitting the same to the above-entitled Court for electronic service upon the Court's Registered Service List for the above-referenced case.

Dated this 3rd day of November, 2020.

                                              /s/ *Darhyl Kerr*
                                              An Employee of Foran Glennon

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, Nevada 89052